IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ROBERT MURRAY, #130213**                                    **PETITIONER**

**VERSUS**                                        **NO. 3:11cv199-TSL-JMR**

**RONALD KING**                                               **RESPONDENT**

## REPORT AND RECOMMENDATION

This matter is before this Court on the petition for Writ of Habeas Corpus [1] filed by Petitioner, Robert Murray [Murray] pursuant to 28 U.S.C. § 2254. Having considered the entire record and the applicable law, this Court makes the following recommendation regarding the petition.

## STATEMENT OF THE CASE

Murray was convicted of gratification of lust in violation of MISS. CODE ANN. § 97-5-23(1) in the Circuit Court of Hinds County, Mississippi, on May 8, 2007, and sentenced to a term of fifteen years imprisonment in the custody of the Mississippi Department of Corrections [MDOC]. [13-1, pp. 31-34.] He filed a motion for Judgment Notwithstanding the Verdict, or in the alternative, for new trial, on June 28, 2007. [13-1, p. 35.] The motion was denied on January 16, 2008. [13-1, p. 38.] Murray appealed his conviction to the Mississippi Court of Appeals, which later affirmed the trial court's decision on August 4, 2009. *Murray v. State*, 20 So.3d 739 (Miss. Ct. App. 2009), *reh'g denied* Nov. 10, 2009 and *cert. denied* 27 So.3d 404 (2010). Murray filed an application with the Mississippi Supreme Court to proceed in the trial court with a motion for post-conviction relief [PCR] on April 29, 2010. [13-5, p. 3.]

Murray raised the following grounds in his motion[1] for PCR filed April 29, 2010:

---

[1]The same grounds are raised in Murray's habeas petition. [1, pp. 2-5.]

>Ground One:  Denial of right to a fast and speedy trial.
>
>Ground Two:  Petitioner's conviction and sentence derived from vindictive prosecution.
>
>Ground Three:  Petitioner's conviction and sentence derived from judicial misconduct.
>
>Ground Four:  Petitioner's conviction and sentence derived from prosecutorial misconduct.
>
>Ground Five:  Petitioner was subjected to double jeopardy.
>
>Ground Six:  Petitioner was denied his right to effective assistance of trial and appellate counsel.
>
>Ground Seven:  Petitioner's sentence is illegal as a matter or law and/or in the interest of justice, and entitled Petitioner to a vacation of said sentence, or at the least, a new trial.

[13-5, p. 6.]

The Mississippi Supreme Court denied the PCR petition on June 24, 2010. [13-5, p. 2.] He raised similar grounds in his petition for writ of mandamus, filed October 8, 2008. [13-4.] Murray filed a motion in the Circuit Court to dismiss due to an alleged speedy trial violation on January 28, 2007. [13-4, p. 81.]

Murray contends that his right to a speedy trial was denied because he was arrested on July 6, 2005, and brought to trial the first time on September 5, 2006. [1, p. 2.] He claims that the time span from his arrest to the second trial was about 965 days. (*Id.*) He contends that he was the victim of a vindictive prosecution because he was brought to trial on the charges in the indictment No. 06-5013, and was acquitted by the jury. [1, p. 3.] He claims he was told the charges in the indictment number 06-5057 would be dropped, but he was tried on these same charges in the indictment numbered 06-5014. (*Id.*) He claims his conviction and sentence were derived from judicial misconduct, although he does not outline any specifics concerning this ground. (*Id.*) He also contends the conviction and sentence were derived from prosecutorial misconduct, again without outlining any specifics concerning this ground. [1, pp. 3-4.]

Murray claims he was subjected to double jeopardy because he was subsequently charged for the same offense as listed in indictment 06-5014. [1, p. 4.] He claims he was denied his right to effective assistance of counsel on his first appeal. [1, pp. 5-6.]

According to the respondent, the claims raised in Grounds One, Two, Three, Four and Five were found procedurally barred in the PCR motion and are precluded from review in this petition. [11, p. 5.] The respondent maintains that the claims raised in Grounds Six and Seven were found to lack merit by the Mississippi Supreme Court. [11, p. 8.] The respondent maintains that Murray cannot meet his burden to establish that habeas review of these grounds on the merits is appropriate. [11, p. 10.] In addition, the respondent maintains that Murray cannot establish ineffective assistance of counsel under *Strickland v. Washington*[2]. [11, p. 11.]

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act [AEDPA], a petitioner is entitled to relief only if he can show that the state court decision which denied him relief was contrary to or an unreasonable application of clearly established Federal law. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002), *cert. denied* 538 U.S. 969 (2003). A state court decision is "contrary to" clearly established Supreme Court precedent when the decision "applies a rule that contradicts the governing law" set out in cases or reaches an opposite result from a case with facts that are "materially indistinguishable." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court case is an unreasonable application of precedent when the state court correctly identifies legal principals from case law but unreasonably applies it to the facts of a case. *Williams*, 529 U.S. at 407.

---

[2] 466 U.S. 668 (1984).

I.    Procedural Bar

Grounds One, Two, Three, Four and Five were raised in Murray's motion for PCR, and were held to be procedurally barred by the Mississippi Supreme Court, according to the respondent. [11, p. 5.] In addition, Murray claimed in his PCR petition that his trial and appellate counsel were ineffective, and that his sentence is illegal as a matter of law. [13-5, p. 6.] When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas relief is generally barred if the state procedural rule is independent and adequate to support the judgment. *Coleman v. Thompson,* 501 U.S. 722 (1991); *Amos v. Scott,* 61 F.3d 333, 338-9 (5th Cir. 1995). A state procedural rule that bars consideration of an issue is not adequate unless it is "strictly or regularly followed." *Johnson v. Mississippi,* 486 U.S. 578, 587 (1988).

The Mississippi Supreme Court held that Murray's claims raised in his motion for PCR were procedurally barred under § 99-29-21(1), which states:

> [f]ailure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

Miss.Code Ann. § 99-39-21(1).

Mississippi Code Annotated § 99-39-21(1) contains an independent state procedural bar. The question, then, is whether this bar is "adequate," and this hinges on whether Mississippi has strictly or regularly applied it. *Lott v. Hargett,* 80 F.3d 161, 165 (5th Cir. 1996). Generally, a procedural bar must be "firmly established and regularly followed by the time as of which it is to be applied." *Ford v. Georgia,* 498 U.S. 411, 424 (1991). However, a state fails to strictly or regularly apply a procedural bar only when the state "clearly and unequivocally excuse[s] the

4

procedural default." *Amos,* 61 F.3d at 342.

Murray bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his direct appeal. *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995). Murray must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised in his petition. *Martin v. Maxey,* 98 F.3d 844, 848 (5th Cir. 1995); *Amos,* 61 F.3d at 340. Murray has not pointed to a single case where the Mississippi Supreme Court has failed to apply the § 99-39-21(1) procedural bar to a claim identical or similar to one of his own procedurally barred claims, and therefore, has defaulted his federal claim. *Martin*, 98 F.3d at 847. In this case, Murray has failed to carry his burden of showing inconsistent and irregular application of the § 99-39-21(1) bar and has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule.

Murray was represented by William Labarre on May 8, 2007, the date of his plea in the underlying case. [13-1, pp. 32, 37.] Hunter Nolan Aikens represented Murray on appeal. *Murray*, 20 So.3d at 740. The issue of ineffective assistance of counsel was not raised on appeal. Under Mississippi law, as it existed at the time of Murray's plea, a petitioner waives his ineffective assistance claim when he uses different counsel on direct appeal and fails to raise the ineffective assistance claim on direct review. *Evans v. State,* 485 So.2d 276, 280-81 (Miss.1986); *Lockett v. State,* 614 So.2d 888 (Miss. 1992); *see also Sones,* 61 F.3d at 416 n.9.

A state prisoner may overcome a procedural bar, and the court could review his claims, by demonstrating cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750; *see also Martin,* 98 F.3d at 849 (*citing Sawyer v. Whitley,* 505 U.S. 333 (1992)). In explaining the cause necessary for excusing a default, the

Supreme Court instructed that "there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman,* 501 U.S. at 753 (emphasis in original). Examples of objective factors which have been found to constitute cause to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [petitioner]." *McCleskey v. Zant,* 499 U.S. 467 (1991). Murray has not shown cause or prejudice from application of the default.

When a state court denies a constitutional claim on adequate and independent state procedural grounds, as in this court the district court is precluded from reviewing the merits of the claim on collateral attack. *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Rocha v. Thaler*, 626 F.3d 815, 820 (2010), *cert. denied* 132 S.Ct. 397 (2011). Because Murray has defaulted his claims and has not shown cause or prejudice resulting from the default, the Court recommends that the habeas petition be dismissed, with prejudice.

II.     Ineffective Assistance of Counsel

An attorney renders constitutionally ineffective assistance where his/her performance was deficient and prejudiced the defense. *Strickland,* 466 U.S. at 687. "To establish an ineffective assistance claim, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's poor performance the result of the proceeding would have been different." *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012). Murray must establish that he was prejudiced as a result of his attorney's performance. *Strickland,* 466 U.S. at 687–8. To establish prejudice, Murray must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. For the deficiency prong, counsel's performance is to be accorded " 'a heavy

measure of deference.' " *Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1408 (2011); *see Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011), *cert. denied* 132 S.Ct. 1100 (2012).

Murray contends that his trial counsel did not adequately prepare to represent him and did not conduct an independent investigation regarding the facts surrounding the case. [21, p. 7.] He claims that had his attorney conducted an investigation he would have known Murray's speedy trial rights were violated. [21, p. 9.]

In addition, Murray contends that his trial counsel should have objected to the jury instruction S-2. That instruction was given as follows:

> The Defendant is charged with having committed the offense of gratification of lust of on [victim's name]. As to this Count, the Court instructs the jury that if you find the defendant guilty as charged, the form of the verdict shall be as follows:
>
> "We, the jury, find the defendant guilty as charged."
>
> The Court further instructs the jury that if you find the defendant not guilty of gratification of lust, the form of your verdict shall be as follows:
>
> "We, the jury, find the defendant not guilty."
>
> The Court further instructs the jury that your verdict must be in one of the two forms set forth above.

[13-1, p. 22.]

Murray also contends that his appellate counsel was ineffective for not addressing ineffective assistance of counsel in the appellate brief. [4, p. 31.] Murray claims he specifically asked appellate counsel to include that issue in the appellate brief. (*Id.*) He also claims that other issues were not raised on appeal. [4, p. 32.]

A petitioner attempting to show a constitutional violation in relation to alleged failure to investigate must show that there was a failure to investigate and prejudice resulting from that failure. *See Washington v. Watkins*, 655 F.2d 1346, 1362 (5th Cir. 1981). "A defendant who

alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *See Gray v. Lucas*, 677 F.2d 1086 (5th Cir. 1982).

Murray claims he was prejudiced by a inadequate investigation of his case. [4, p. 31 SEALED.] He does not show any factual deficiencies which would have been revealed upon further investigation of his case by his attorney. He also does not show how his assertion that the investigate would have changed the outcome of the case. Assuming the Petitioner could prove a failure to investigate, he still could not prevail on this claim because he has not shown any prejudice arising from such a failure. Murray's bare allegation of ineffective assistance based on a failure to investigate does not rise to a constitutional violation. *Collier,* 300 F.3d at 587. The Court finds that Murray is not entitled to habeas relief on his claim of a failure to investigate.
Claim concerning alleged speedy trial violation

Murray claims his attorney was ineffective for failing to object to a jury instruction during trial, specifically instruction number S-2. [4, p. 30 SEALED.] Murray claims the instruction was prejudicial to him. (*Id*.) The jury instruction tracks the language outlined in the Mississippi Model Jury Instructions for criminal cases. Miss. Model Jury Instructions - Criminal § 1:24. The Court finds no error in counsel's failure to object to this instruction.

Murray claims his appellate counsel was ineffective for not including the issue of the alleged ineffectiveness of his trial counsel in the appellate brief. Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins,* 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes,* 463 U.S. 745, 750-4 (1983)); *see also Strickland,* 466 U.S at 690-1 (noting that appellate counsel's strategic choices with regard to which claims to bring on appeal

are "virtually unchallengeable"). As the Supreme Court has noted, "[t]his process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray,* 477 U.S. 527, 536 (1986) (quoting *Jones,* 463 U.S. at 751-2). The Court should not "second-guess" the reasonable professional judgments of appellate counsel regarding the most promising appeal issues. *Jones,* 463 U.S. at 751. Furthermore, Murray does not specify how any action or inaction by either trial or appellate would have changed the outcome of his case. Vague, self-serving, and conclusory allegations are insufficient to merit habeas relief. *See Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983).

Murray claims his sentence was "illegal." A sentence which is within the term provided by statute will generally not be overturned. *Davis v. State*, 724 So.2d 342, 344 (Miss. 1998). Murray was convicted of gratification of lust in violation of MISS. CODE ANN. § 97-5-23(1), which provides for a sentence of not less than two years nor more than 15 years in the custody of the MDOC. Murray's sentence of 15 years is within that limit, and is therefore, not illegal. [13-1, p. 33.] He alleges a violation of state rules, which is not a constitutional violation or a violation of federal law, and not a cognizable ground for habeas relief. *Edwards v. Butler,* 882 F.2d 160, 164 (5th Cir. 1989). The Court recommends that this claim does not merit habeas relief.

The Court finds that any assertion by petitioner that his trial counsel's performance was inadequate is without merit. Essentially, each of Murray's allegations were examined by the Mississippi Supreme Court, which previously concluded that Murray's arguments were without merit. [13-5, p. 2. ] Murray has not established the requisite factors under *Strickland* to prove ineffective assistance of counsel. The Court finds no merit to any of Murray's claims and recommends that Murray's habeas petition be dismissed with prejudice.

## **CONCLUSION**

In summary, the petitioner has not shown the adjudication of his claims in state court resulted in a decision contrary to Federal law nor that it resulted in a decision based on an unreasonable determination of the facts. Therefore, the Court recommends that Murray's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than February 4, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).  A copy of this R&R has been forwarded to Murray at his last known address by certified mail, return receipt requested.

THIS the 21st day of January, 2014.

s/ John M. Roper, Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE
