UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBERT MURRAY                                                    PETITIONER

VS.                                    CIVIL ACTION NO. 3:11CV199TSL-JMR

RONALD KING                                                     RESPONDENT


<u>ORDER</u>

This cause is before the court on the January 21, 2014 report and recommendation of Magistrate Judge James M. Roper, recommending dismissal of Murray's § 2254 petition.  Murray has filed an objection to the report and recommendation, and the court, having considered the objection, now concludes that the objection is not well taken and should be overruled and that the report and recommendation should be adopted as the opinion.

By the report and recommendation, the magistrate judge concluded that the majority of Murray's asserted grounds (Grounds One through Five) for relief were precluded from review by this court based on the state court's determination that the claims were procedurally barred.  The report and recommendation further concluded that Ground Six, Murray's various claims of ineffective assistance of counsel, and Ground Seven, a claim of illegal sentence, were without merit.

By his objection, Murray primarily seems to argue that the court should conduct a plain error review of his claims, including

those which were found to be procedurally barred, because they involve fundamental rights.

Clearly, Murray misunderstands the law which governs this court's review of his habeas petition.  The court's review of his petition prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 12144, and under this statute and the cases interpreting it, the court may review claims found to be procedurally defaulted only if the petitioner demonstrates either: "(1) cause for the procedural bar and actual prejudice as a result of the alleged violation of federal law or (2) failure to consider his claims will result in fundamental miscarriage of justice." Pickney v. Cain, 337 F.3d 542, 545 (5th Cir. 2003).  While a petitioner may show cause by proving ineffective assistance of counsel, Murray has failed to do so here.

Specifically, with regard to his claims of ineffective assistance of counsel and the magistrate judge's conclusion that they lacked merit, by his objection Murray complains only that his trial attorney failed to object to prosecutorial vindictiveness for reindicting him on a charge of gratification of lust, a charge which he believed to have been either dismissed or remanded to the file in an earlier case.  However, it is clear that where the prosecutor is alleged to have reindicted him on the same charges and is not alleged to have indicted him for additional crimes, a

2

claim for vindictive prosecution will not succeed.  <u>Neal v. Cain</u>, 141 F.3d 207 (5th Cir. 1998) ("Vindictiveness may be demonstrated where a prosecutor brings additional charges against a defendant to punish the defendant for his exercise of procedural rights."). Accordingly, inasmuch as this claim lacked merit, trial counsel cannot be said to have been ineffective for having not raised it at trial and appellate counsel cannot be said to have been ineffective for not having raised the issue on direct appeal.  It follows then the Mississippi Supreme Court's decision denying relief on this ineffective assistance of counsel claim was not contrary to, nor an unreasonable application of <u>Strickland</u>.[1]

IT IS, THEREFORE, ORDERED that the report and recommendation of United States Magistrate Judge John M. Roper entered on April 2, 2013, be, and the same is hereby adopted as the finding of this court subject to the foregoing modifications, and the petition for writ of habeas corpus is hereby dismissed with prejudice.

---

[1]     While the magistrate judge purported to address the merits of petitioner's ineffective effective assistance of counsel claims, the proper standard is whether the petitioner has shown that the state court's decision regarding a claim of ineffective assistance of counsel was either "contrary to" federal law, as determined by the Supreme Court, or an "unreasonable application" of <u>Strickland</u>.  <u>Harrington</u>, 131 S. Ct. 770, 785 (2011)("The pivotal question [under the AEDPA] is whether the state court's application of <u>Strickland</u> standard was unreasonable.  This is different from asking whether defense counsel's performance fell below <u>Strickland</u>'s standard.  Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a <u>Strickland</u> claim on direct review of a criminal conviction in a United States District Court.").

It is further ordered that a certificate of appealability is denied because petitioner has failed to demonstrate that "jurists of reason would find it debatable whether [this] court was correct in its procedural ruling," and has also failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right...." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

A separate judgment will be entered herein in accordance with this order as required by Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 6th day of March, 2014.


    /s/Tom S. Lee
    UNITED STATES DISTRICT JUDGE

4